**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

OCT 14 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEJANDRO SANCHEZ-ALVAREZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    20-72979

Agency No. A094-945-164

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2025**
Pasadena, California

Before:  WARDLAW and KOH, Circuit Judges, and CHEN,*** District Judge.

Alejandro Sanchez-Alvarez, a native and citizen of Mexico, petitions for review of an order from an Immigration Judge ("IJ") affirming an asylum officer's negative reasonable fear determination. We have jurisdiction under 8 U.S.C. §

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

1252. We review for substantial evidence the affirmance of a negative reasonable fear determination. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). We grant the petition in part and deny the petition in part.

1. As to Sanchez-Alvarez's claim for withholding of removal, substantial evidence supports the agency's determination that Sanchez-Alvarez failed to demonstrate the requisite nexus between his fear of persecution and a protected ground. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (finding no basis for withholding of removal when petitioner did not show a nexus to a protected ground). Although "persons taking concrete steps to oppose gang membership and gang authority" may constitute a particular social group ("PSG"), Sanchez-Alvarez did not identify that PSG before the IJ and provided no testimony or evidence in support of that PSG. *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014) (remanding to the BIA for reconsideration of whether the petitioner presented sufficient evidence that the "society recognizes [the] proposed social group" when petitioner argued that he "allied himself with a particular social group of persons directly in opposition to gang activities").

Likewise, although Sanchez-Alvarez recounted his uncle's murder and identified "family" as a PSG, Sanchez-Alvarez testified that his uncle was targeted for financial reasons unrelated to their familial relationship. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (denying petition where petitioner

2

failed to establish a nexus between his uncle's familial membership and his uncle's murder). Thus, because Sanchez-Alvarez failed to establish a nexus between the alleged persecution and his proposed PSGs, "the record does not compel us to reverse" the agency. *Id.* at 891.

2. As to Sanchez-Alvarez's request for relief under the Convention Against Torture ("CAT"), we grant the petition and remand to the agency for further explanation. "In order for the court to exercise our limited authority, there must be a reasoned explanation by the [agency] of the basis for its decision." *Franco–Rosendo v. Gonzales,* 454 F.3d 965, 966 (9th Cir. 2006) (citing *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005)). In affirming the asylum officer's negative reasonable fear determination, the IJ failed to address Sanchez-Alvarez's fear of torture. Rather, the IJ only addressed Sanchez-Alvarez's failure to establish a reasonable fear "on account of protected ground." But "[a]n applicant for CAT relief need not show that she will be tortured on account of any particular ground." *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020). Thus, the IJ failed to articulate any reason for upholding the negative reasonable fear determination as to Sanchez-Alvarez's CAT claim. We therefore remand to the agency for reconsideration of Sanchez-Alvarez's fear of torture.

3. We reject Sanchez-Alvarez's additional claims. To the extent Sanchez-Alvarez now challenges the notice-to-appear underlying his 2007 removal order,

3

Sanchez-Alvarez did not petition for review of his final removal order before the deadline set forth in 8 U.S.C. § 1252(b)(1).[1] Likewise, because Sanchez-Alvarez was in reinstatement proceedings and therefore was ineligible for asylum relief, Sanchez-Alvarez is not eligible to be a member of the class of asylum seekers identified in *Rojas v. Johnson*, 305 F. Supp. 3d 1176, 1178 (W.D. Wash. 2018). *See Perez-Guzman v. Lynch*, 835 F.3d 1066, 1082 (9th Cir. 2016) (affirming the agency's conclusion that it could not consider a petitioner's application for asylum relief in light of a reinstated removal order).

**PETITION GRANTED IN PART; DENIED IN PART.**

---

[1] Sanchez-Alvarez's brief could also be read as challenging the Form I-863 issued in 2013, noting that the date and time of his hearing was "to be set." However, Sanchez-Alvarez ultimately had his hearing and was ordered removed *before* he accrued ten years of presence in the United States, so even if the I-863 didn't trigger the Immigration and Nationality Act's ("INA") stop-time rule such that Sanchez-Alvarez could have applied for cancellation at the time of his immigration hearing, he would have been ineligible for cancellation in any event. 8 U.S.C. § 1229b(b)(1)(A).